1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL LOUISE EDDY,

           Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendant.

CASE NO. 14-cv-05766 JRC

ORDER ON PLAINTIFF'S COMPLAINT

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed (*see* Dkt. 10, 11).

       After considering and reviewing the record, the Court concludes that the ALJ erred in giving little weight to a portion of the opinion of examining psychologist, Dr. William Wilkinson, Ed.D., because the ALJ provided only a conclusory statement to reject the opinion. Had the ALJ credited fully the opinion of Dr. Wilkinson, the residual

functional capacity would have included additional limitations and thus the error is not harmless.

Therefore, this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, GAIL LOUISE EDDY, was born in 1963 and was 45 years old on the alleged date of disability onset of August 8, 2009 (*see* AR. 184-87, 188-97). Plaintiff graduated from high school, attended some college and completed a certified nursing assistant ("CNA") course (AR. 56, 218). Plaintiff has worked as a caregiver, waitress and sales clerk (AR. 36, 68, 218). Plaintiff last worked as a caregiver, but stopped working when she got sick with chronic obstructive pulmonary disease ("COPD") (AR. 57).

According to the ALJ, plaintiff has the severe impairments of "degenerative disc disease of the lumbar spine, with moderate to severe narrowing of the neural foramina at L5-S1 and lumbar neuromas; fibromyalgia; obesity; asthma; affective disorder; anxiety disorder; post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 21).

At the time of the hearing, plaintiff was living with friends and family (AR. 55).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 77-83, 84-90, 91-105, 106-115). Plaintiff's requested hearing was held before Administrative Law Judge Cynthia D. Rosa ("the ALJ") on

January 18, 2013 (*see* AR. 46-74). On February 22, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 16-42).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the granting of little or no weight to the mental function assessments of examining psychologists Drs. Wilkinson and Langhofer is based on legally sufficient rationales; (2) Whether or not the premature opinion of a non-examining review psychologist amounts to substantial evidence sufficient to support the ALJ's residual mental functional capacity determination; and (3) Whether or not the finding that plaintiff's subjective complaints are not credible is supported by clear and convincing evidence (*see* Dkt. 10, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)   Whether or not the ALJ erred by giving little to no weight to the opinions of examining psychologists Drs. Wilkinson and Langhofer and great weight to the opinion of non-examining psychologist Dr. Robinson.**

Plaintiff contends that the ALJ erred when she rejected portions of the opinions of examining psychologists Dr. William Wilkinson, Ed.D. and Dr. Rachelle Langhofer,

Ph.D. (*see* Dkt. 10, pp. 5-12). Plaintiff also argues that the ALJ erred by giving great weight to the opinion of non-examining psychologist Dr. John Robinson, Ph.D. (*see id.* at pp. 12-13).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

a.  *Dr. Wilkinson*

Dr. Wilkinson submitted a psychological/psychiatric evaluation in December of 2010 (*see* AR. 552-56). Dr. Wilkinson opined that plaintiff has mild limitations in her ability to understand, remember and persist in tasks following simple instructions (AR. 554). Plaintiff has moderate limitations in her ability to learn new tasks, perform routine tasks without undue supervision, be aware of normal hazards and take appropriate precautions, and understand, remember and persist in tasks by following complex

instructions of three or more steps (AR. 554-55). Plaintiff also has marked limitations in her ability to communicate and perform effectively in a work setting with limited public contact and maintain appropriate behavior in a work setting (AR. 555).

> The ALJ found, in relevant part, that Dr. Wilkinson
>
>> assessed a moderate limitation in the claimant's ability to learn new tasks, to perform routine tasks without undue supervision, and to be aware of normal hazards and take appropriate precautions, citing the claimant's "terse, unelaborated and literal" interpretation of abstractions and distracted/focused on the ongoing tasks of "pulling her life together and to get her children back." The doctor also explained that the claimant was "hyper focused to the point of being overly cautious, tentative, obsessive, but quite intent on improving herself as well as proving herself." Ex 7F/10. The undersigned agrees that the claimant was likely preoccupied with life stressors at the time of this evaluation, which took place while she was still incarcerated, awaiting trial, or recently released, but finds that her performance on [the] mental status examination did not reflect her longitudinal history for the period at issue.

(AR. 35).

Dr. Wilkinson based his findings regarding plaintiff's moderate limitations on plaintiff's depression, anxiety, hyper-focused behavior, and her focus on "on-going tasks" (AR. 554-55). Dr. Wilkinson also supported his opinion with findings from the mental status examination, including findings that plaintiff's interpretation of "abstractions tended to the terse, unelaborated and literal" (AR. 555). Further, Dr. Wilkinson assessed that plaintiff struggled with life stressors – no work since 2008 or 2009, trauma to plaintiff's daughters, court involvement including an upcoming hearing regarding custody of her children, recent incarceration, separation from her children with

imminent possible loss of parental rights, grief, loss issues, and plaintiff's physical and mental health problems – for an extended period of time (*see* AR. 552, 554).

The ALJ agreed with Dr. Wilkinson regarding plaintiff's limitations due to her stressors at the time of the evaluation, yet rejects Dr. Wilkinson's opinion because plaintiff's performance on the mental status examination did not reflect her longitudinal history (AR. 35). The ALJ, however, failed to specify anything from plaintiff's "longitudinal history" that contradicted plaintiff's performance on the mental status examination or Dr. Wilkinson's assessment of her performance. Further, the ALJ does not reference Dr. Wilkinson's additional findings, such as plaintiff's limitations due to anxiety, depression, and stressors present prior to the examination period. The ALJ's conclusory statement that plaintiff's performance on the mental status examination does not reflect her longitudinal history, without more, is insufficient to constitute specific and legitimate reasons, supported by substantial evidence in the record to reject Dr. Wilkinson's opinion. *See Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Thus, the ALJ erred in her assessment of this portion of Dr. Wilkinson's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Furthermore, "the fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609 *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). If the ALJ had credited fully Dr. Wilkinson's opinion regarding plaintiff's ability to learn new tasks, perform routine tasks without undue supervision, and be aware of normal hazards and take appropriate precaution, the residual functional capacity ("RFC") would have included additional limitations in these areas, as would have the hypothetical to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

1    Although plaintiff argues in a conclusory manner that this matter should be
2  remanded with a direction to award benefits (*see* Opening Brief, Dkt. 10, p. 17), the
3  Court concludes that such would be inappropriate because it is unclear that the ALJ
4  would be required to find plaintiff disabled if the improperly discredited evidence was
5  credited as true. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan
6  v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008).

   b.  *Dr. Langhofer & Dr. Robinson*

   Plaintiff argues that the ALJ also erred by providing legally insufficient reasons
for rejecting portions of Dr. Langhofer's opinion, and erred by giving great weight to the
opinion of Dr. Robinson (*see* Plaintiff's Opening Brief, Dkt. 10, pp. 10-13). As the Court
already has determined that this matter must be reversed and remanded for further
consideration, *see supra*, section 1.a, the ALJ is instructed to re-evaluate the opinions of
Drs. Langhofer and Robinson on remand.

   The Court notes briefly, however, that the ALJ erred in rejecting Dr. Langhofer's
opinion that plaintiff is limited to part-time work. Dr. Langhofer opined that plaintiff
might be able to work in part-time settings with additional limitations because plaintiff's
mental health conditions would impair her interactions, concentration, behavior, and pace
in most work settings (AR. 541). The ALJ gave little weight to this portion of Dr.
Langhofer's opinion, yet incorporated the additional limitations into the residual
functional capacity assessment (*see* AR. 24, 35). The ALJ found that Dr. Langhofer did
not explain why plaintiff could not work a full-time job and found that the opinion was
not supported by the clinical examination or recorded observations (AR. 35).

The ALJ, however, failed to specify anything from Dr. Langhofer's records that contradicted her findings regarding plaintiff's ability to perform only part-time work (*see* AR. 35). Further, the ALJ does not explain why Dr. Langhofer's findings that plaintiff's symptoms will impair her interactions, concentration, behavior and pace are not sufficient to support the opinion that plaintiff is unable to work full-time, yet are sufficient to support Dr. Langhofer's other opinions. The ALJ must explain why her own interpretation of the record, rather than those of Dr. Langhofer, are correct. *See Reddick, supra*, 157 F.3d at 72; *see Embry*, 849 F.2d at 421-22. This error, too, should be corrected by the ALJ following remand of this matter.

**(2)   Whether or not the finding that plaintiff's subjective complaints are not credible is supported by clear and convincing evidence.**

Plaintiff also argues that the ALJ improperly discredited plaintiff's subjective complaints (*see* Plaintiff's Opening Brief, Dkt. 10, pp. 13-16). The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1.a. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

1     **JUDGMENT** should be for plaintiff and the case should be closed.

2     Dated this 13th day of March, 2015.

                                        J. Richard Creatura
                                        United States Magistrate Judge